UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Olivia Rose Brooks, <br><br>　　　　　　　　Plaintiffs, <br><br>　　v. <br><br>State of Georgia, and <br>Dept. of Family and Children Services, <br><br>　　　　　　　　Defendants. | Case No. 2:23-cv-03363-BHH-MGB <br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Olivia Rose Brooks, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983; 18 U.S.C. §§ 241, 242; and O.C.G.A. §§ 15-11-102, 15-11-145, challenging the removal of her children from her custody. (Dkt. No. 1.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review this case and submit findings and recommendations to the United States District Judge. For the following reasons, the undersigned recommends that this action be transferred to the United States District Court for the Northern District of Georgia.

## BACKGROUND

According to Plaintiff, the State of Georgia and the Department of Family and Children Services[1] ("DFCS") (collectively, "Defendants") "wrongfully removed" her four children from her custody on December 9, 2022, based on "fraudulent" reports of child abandonment and untreated mental illness, and without providing her a copy of the alleged court order authorizing the removal. (Dkt. No. 1 at 2–3.) Plaintiff further alleges that Defendants failed to hold a "preliminary protective

---

[1] The undersigned assumes Plaintiff is referring to the Georgia Division of Family and Children Services. *See* https://dfcs.georgia.gov/ (last visited September 14, 2023); *see also Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may take judicial notice of factual information located in postings on government web sites).

hearing" within 72 hours of her children being placed in foster care as required under Georgia law. (*Id.* at 1–2.) Although not entirely clear, Plaintiff seems to suggest that she was not provided with adequate notice of the hearing or possibly an opportunity to participate in the same. (*Id.* at 2.) Based on the above, Plaintiff asks that the Court essentially restore her children to her custody and dismiss the parental rights proceedings now pending against her in the Hall County Juvenile Court in Gainesville, Georgia. (*Id.* at 3; *see also id.* at 1, referencing Case Nos. 2201147, -48, -49, and -50; Dkt. No. 1-3 at 6.)

## **STANDARD OF REVIEW**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses, the court must dismiss any complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Thus, a claim based on a "meritless legal theory" or a "fantastic or delusional" factual scenario may be dismissed *sua sponte* at any time under 28 U.S.C. § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25, 327–28 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal

conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## **DISCUSSION**

Pursuant to 28 U.S.C. § 1391, a civil action may be brought in one of the following: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). If an action is filed in the improper venue, the court may dismiss the case, or transfer such case to any district or division in which it could have been brought for the convenience of the parties and in the interests of justice. 28 U.S.C. §§ 1404(a), 1406(a); *see also United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir. 1981) (noting that the decision of whether to transfer or dismiss

a case is committed to the sound discretion of the district court); *Rouse v. Nessel*, No. 8:20-cv-954-DCC-JDA, 2020 WL 6279198, at *8 (D.S.C. July 6, 2020) ("A court may raise the issue of defective venue *sua sponte*."), *adopted*, 2020 WL 4435189 (D.S.C. Aug. 3, 2020).

Here, Plaintiff's claims against Defendants do not meet any of the criteria under 28 U.S.C. § 1391. As a threshold matter, none of the Defendants in this action are citizens or residents of South Carolina. Moreover, notwithstanding the rambling nature of Plaintiff's allegations, it seems that the events giving rise to Plaintiff's claims—mainly, the removal of her children from her custody and the judicial proceedings related thereto—occurred/are occurring in Georgia, not South Carolina. Indeed, Plaintiff attributes the removal of her children to the Georgia Division of Family and Children Services and challenges the agency's actions under the Georgia Code, O.C.G.A. §§ 15-11-102, 15-11-145. Plaintiff also indicates that her parental rights proceedings are pending before the Hall County Juvenile Court in Gainesville, Georgia. (Dkt. No. 1-3 at 6.) Thus, it appears the only connection to South Carolina here is Plaintiff's current address. The undersigned therefore finds that venue for this action more properly lies in the Northern District of Georgia, where Hall County is located.

## CONCLUSION

For the convenience of the parties and in an abundance of caution for the *pro se* plaintiff, the undersigned **RECOMMENDS** that this Court transfer—rather than summarily dismiss—the instant case to the United States District Court for the Northern District of Georgia so that the proper district court may evaluate Plaintiff's claims.

**IT IS SO RECOMMENDED.**

September 15, 2023  
Charleston, South Carolina

_____  
MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).